FILED
John E. Triplett, Acting Clerk
United States District Court

By mgarcia at 4:42 pm, Oct 14, 2020

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

LAWRENCE HUGH MCCULLOUGH, SR.

Case No. 6:09cr048-2

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

  If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

In his February 2019 reduction-in-sentence ("RIS") request to the Warden of his facility, McCullough lists his medical conditions—*inter alia*, heart attack, stroke, diabetes, high blood pressure and high cholesterol—as extraordinary and compelling reasons warranting his compassionate release pursuant to 18 U.S.C. § 3582(c). The Bureau of Prisons' ("BOP") assistant director and general counsel ultimately denied the request.

The Court agrees with the assistant director's conclusion that McCullough's medical conditions, while serious, do not warrant compassionate release under § 3582(c). McCullough's medical records show that he is receiving treatment for his conditions and, while he "needs a small amount of additional time to complete his daily tasks," he is otherwise independent with all aspects of his daily activities. The Court cannot conclude that his medical conditions "substantially diminish" his ability "to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

☒ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

In his motion to the Court, McCullough cites the risk he faces from COVID-19, along with his medical conditions, as warranting his compassionate release. McCullough, however, has not exhausted his administrative remedies with regard to COVID-19. Indeed, McCullough's RIS request was submitted to the Warden before COVID-19 existed. As such, the BOP has had no opportunity to assess, for compassionate release purposes, McCullough's medical conditions in light of COVID-19. In order to fully exhaust his administrative remedies for seeking compassionate release based on both his medical conditions and COVID-19, McCullough should bring them both to the BOP's attention in a new RIS request.

IT IS SO ORDERED.

Dated: October 14, 2020

_____
UNITED STATES DISTRICT JUDGE