UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

LAWRENCE HUGH MCCULLOUGH, SR.

Case No. 6:09cr048-2

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a

reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable

factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the

Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of      is reduced to

. If this sentence is less than the amount of time the defendant already served, the sentence

is reduced to a time served; or      .

    ☐ Time served.

If the defendant's sentence is reduced to time served:

        ☐ This order is stayed for up to fourteen days, for the verification of the

        defendant's residence and/or establishment of a release plan, to make

        appropriate travel arrangements, and to ensure the defendant's safe

        release. The defendant shall be released as soon as a residence is verified,

        a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of         months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:


☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant contends his medical condition, i.e. a "heart condition [that] has worsened to the point he was given 18 months to live," warrants compassionate release pursuant to 18 U.S.C. § 3582(c). Dkt. No. 1274 at 3. Defendant is sixty-seven years old. His medical records confirm his extensive cardiac history. See generally Dkt. Nos. 1277-5, 1277-6, 1227-7, 1277-8. While Defendant did present with heart attack symptoms on May 25, 2022, his medical records since that date show he is being closely monitored. Dkt. No. 1277-6 at 27. As recently as January 25, 2024, Defendant was seen by an interventional cardiologist, whose notes state: "Patient denies any episodes of chest pain or shortness of breath. He denies having any active complaints on follow-up today. He has been taking all of his medication as prescribed and denies any issues. His blood pressure has been very well-controlled. He denies any anginal symptoms." Dkt. No. 1277-5 at 72. Medical notes from January 12, 2023 and November 3, 2023 also indicate Defendant was in no cardiac distress. Id. at 9-10; Dkt. No. 1277-6 at 2. Despite Defendant's contention, his medical records do not support a terminal diagnosis. The medical records also do not establish that

3

Defendant's conditions *substantially* diminish his ability to provide self-care within his facility. At this point in time, the Court concludes that Defendant has not met his burden to show an extraordinary and compelling reason warranting compassionate release.

Even if the Court were to assume Defendant had met his burden to show an extraordinary and compelling reason for compassionate release, the factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed. In the present case, Defendant participated in a large-scale drug conspiracy. He pleaded guilty to conspiracy to possess with intent to distribute, and to distribute, a quantity of crack cocaine, powder cocaine, marijuana, and ecstasy. With a statutory maximum, his advisory guideline range was 235 to 240 months' imprisonment, and, in August 2010, the Court sentenced him to 240 months'. His sentence was later reduced by a retroactive guidelines amendment to 235 months' imprisonment. Currently, Defendant's projected release date is August 10, 2029, meaning he has well over five years left to serve. If Defendant were released now, he will have served well below his guideline range as amended.

Defendant also has a significant criminal history, including convictions for possession of marijuana, theft by receiving stolen property, possession of controlled substances and a sawed-off shotgun by a felon, possession of cocaine, sale of marijuana, sale of cocaine and marijuana, and aggravated assault and terroristic threats. He has also had his parole and probation revoked; indeed, he was on state parole when he committed the instant offense. It appears his past behavior has not deterred him from committing further offenses. The Court concludes that granting Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

4

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all

administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since

receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

July 17, 2024

                      _____
                      HON. LISA GODBEY WOOD, JUDGE
                      UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF GEORGIA